[Cite as *Ironton v. Rist*, 2010-Ohio-5292.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| CITY OF IRONTON, OHIO, | : | Case No. 10CA10 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| BETH RIST, | : | |
| | : | **Released 10/25/10** |
| Defendant-Appellant.[1] | : | |

_____

APPEARANCES:

Warren N. Morford, Jr., South Point, Ohio, for appellant.

R. Alan Lemons, MILLER, SEARL & FITCH, LPA, Portsmouth, Ohio, for appellee.
_____

Harsha, J.

{¶1}   Beth Rist appeals the judgment of the Lawrence County Common Pleas Court that vacated an arbitration award against the City of Ironton.  The arbitrator found that the City lacked just cause to discharge Rist from her position as a sergeant with the Ironton Police Department ("IPD") after she falsified a report, so the arbitrator reinstated her without back pay.  The City appealed, and the trial court vacated the arbitrator's award after the court concluded that Rist's reinstatement violated public policy.

{¶2}   Initially, Rist complains that the trial court erred when it vacated the award without a transcript or unspecified exhibits from the arbitration proceedings.  However, those portions of the record were not necessary for the trial court to resolve the City's public policy argument.  Therefore, we reject this claim.

{¶3}   Rist also contends that the trial court erred in various ways when it found that her reinstatement violated public policy.  However, truthful reports from officers are

---

[1] The trial court dismissed the Fraternal Order of Police, Ohio Labor Council, Inc. as a party to the action.

essential for a police force to effectively perform its duties and to maintain public trust and confidence. Public policy precludes the reinstatement of an officer who falsifies a police report. Accordingly, the trial court did not err when it vacated the arbitration award.

## I. Facts

{¶4} Rist worked as a sergeant for the IPD until October 2008 when she was fired for making a false report. Rist filed a grievance under the terms of a collective bargaining agreement ("CBA") between the City and her union, the Fraternal Order of Police, Ohio Labor Council, Inc. Because the parties were unable to settle the grievance, they submitted it for binding arbitration in accordance with the CBA.

{¶5} The arbitrator found that in August 2008, Rist initiated a routine traffic stop. After Rist learned that the driver of the stopped vehicle, Dolly Newcombe, had expired tags and no driver's license, Rist called Newcombe's daughter, Jamie Sparks, and asked her to come to the scene. When Sparks arrived, "she was directed to sit behind the steering wheel." Rist issued Sparks a ticket for driving with expired tags and indicated on the ticket that Sparks lacked proof of insurance. After Sparks paid a fine, she lost her driving privileges and unsuccessfully tried to contact Rist. In September 2008, both Sparks and Rist reported the incident to officials at the police department. In an interview with Detective Jim Akers, Rist acknowledged falsifying the ticket.

{¶6} The City argued that Rist lied about knowing Newcombe before the traffic stop occurred. However, the arbitrator could not find "with positive assurance" that Rist was acquainted with Newcombe prior to this incident. The arbitrator also found that Rist did not act with "harmful intent" but was simply acting to "do a favor to the

Newcombe/Sparks family." In addition, the arbitrator noted that Rist had 13 years of service and no prior discipline problems. The arbitrator also found "an element of disparate treatment" in the manner the City handled the incident with Rist. Specifically, the arbitrator pointed to evidence that a male officer who engaged in "amorous activity with a female Speedway employee while on duty" only received a written reprimand for his misconduct. The arbitrator concluded that the City lacked just cause to discharge Rist and restored her employment. However, the arbitrator also found that Rist's "serious offense" merited "serious discipline" and awarded her no back pay.

{¶7} The City filed a motion to vacate the arbitration award, arguing that the arbitrator exceeded his authority in various ways under R.C. 2711.10. In response, Rist sought an order confirming the arbitration award under R.C. 2711.09. After a hearing, the court asked each party to prepare proposed findings of fact and conclusions of law. In its proposal, the City argued that the arbitration award must be vacated because Rist's reinstatement was contrary to public policy. The City also argued that enforcement of the award would be a "futile act" because Rist pleaded guilty to one count of falsification based on the incident with Newcombe and Sparks, and the terms of Rist's probation prevented her from performing certain job duties.

{¶8} The trial court adopted the City's proposed findings of fact and conclusions of law and granted the City's motion to vacate the arbitration award. The court denied Rist's application to confirm the award. This appeal followed.

## II. Assignments of Error

{¶9} Rist assigns the following errors for our review:

The appellant, Beth Rist for her first assignment of error, asserts that the trial court erred, to her material prejudice, when it determined that the

binding decision of the arbitrator, Dr. Harry Graham, was against public policy.

The trial court erred, to the material prejudice of the appellant Beth Rist, when it vacated the binding arbitration decision of Dr. Harry Graham without having the record of the arbitration proceedings or all of the evidence presented to the arbitrator, especially including the testimony of the witnesses and all of the exhibits received into evidence.

The trial court erred, to the material prejudice of the appellant Beth Rist, when it misapplied the test for vacation of an arbitration award under R.C. §2711.10(D).

The trial court erred, to the material prejudice of the appellant Beth Rist, when it set aside the parties' Collective Bargaining Agreement and attempted to determine the rights of the parties based upon its own notions of industrial justice and/or "fairness[."]

The trial court erred, to the material prejudice of the appellant Beth Rist, and abused its discretion in granting appellee's Motion to Vacate Arbitration Award.

The trial court erred, to the material prejudice of appellant, when it refused to grant her Motion to Confirm Arbitration Award.

**{¶10}** Rist presents only one argument for her six assignments of error. App.R. 16(A)(7) requires separate arguments for each assignment of error. "While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments." *Keffer v. Cent. Mut. Ins. Co.*, Vinton App. No. 06CA652, 2007-Ohio-3984, at ¶8, fn. 2. Thus, we would be within our discretion to simply disregard Rist's assignments of error and summarily affirm the trial court's judgment. App.R. 12(A)(2); *Keffer* at ¶8, fn. 2. Nonetheless, we will review all her arguments.

### III.  Vacation of Arbitration Award

#### A.  Standard of Review

**{¶11}** Rist contends that the trial court erred when it found that the arbitrator's

award reinstating her violated public policy, vacated the award, and denied her application for an order confirming the award. "As a matter of policy, the law favors and encourages arbitration." *Athens Cty. Commrs. v. Ohio Patrolmen's Benevolent Assn.*, Athens App. No. 06CA49, 2007-Ohio-6895, at ¶23, citing *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 488 N.E.2d 872. Therefore, courts "will make every reasonable indulgence to avoid disturbing an arbitration award." Id., citing *Mahoning* at 84.

**{¶12}** Arbitration awards are presumed valid, thus a trial court's power to vacate a final, binding arbitration award is limited. Id. at ¶¶23-24. "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. To resolve disputes about the application of a collective-bargaining agreement, an arbitrator must find facts and a court may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract." *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 110, 2001-Ohio-294, 742 N.E.2d 630, quoting *United Paperworkers Internatl. Union, AFL-CIO v. Misco, Inc.* (1987), 484 U.S. 29, 37-38, 108 S.Ct. 364, 98 L.Ed.2d 286.

**{¶13}** "The legislature has specified the narrow circumstances under which a trial court may vacate an arbitration award." *Athens*, supra, at ¶24, citing R.C. 2711.10. In this case, the City moved to vacate the arbitrator's award under R.C. 2711.10(D),

which provides that a common pleas court shall vacate an arbitration award upon the application of any party to the arbitration if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  "Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end."  *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 176, 556 N.E.2d 1186, quoting *Board of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, at paragraph two of the syllabus.

{¶14}  In her brief, Rist sets out arguments addressing how the arbitration award met each of these requirements.  However, in the City's proposed findings of facts and conclusions of law, which the trial court adopted, the City did not argue that the arbitration award failed to draw its essence from the collective bargaining agreement or that it was arbitrary or capricious.  Instead the City claimed, and the trial court ultimately concluded, that the award reinstating Rist was unlawful because it violated public policy.[2]

{¶15}  The Supreme Court of Ohio has found that if an arbitrator's reinstatement of an employee violates public policy, the award is unlawful and unenforceable.  See *SORTA*, supra, at 112, citing *W.R. Grace & Co. v. Local Union 759, Internatl. Union of the United Rubber, Cork, Linoleum & Plastic Workers of Am.* (1983), 461 U.S. 757, 766, 103 S.Ct. 2177, 76 L.Ed.2d 298.  "[V]acating an arbitration award pursuant to public

---

[2] The trial court also found that enforcement of the award would be "futile" given the terms of Rist's probation.  However, given our conclusion that the trial court properly vacated the award because Rist's reinstatement violated public policy, we need not address the propriety of this finding.

policy is a narrow exception to the 'hands off' policy that courts employ in reviewing arbitration awards and 'does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.'" Id., quoting *Misco*, supra, at 43. Therefore, the public policy "must be well[-]defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" Id., quoting *W.R. Grace & Co.* at 766, in turn, quoting *Muschany v. United States* (1945), 324 U.S. 49, 66, 65 S.Ct. 442, 89 L.Ed. 744.

{¶16} The issue of whether, in light of the arbitrator's factual findings, an employee's reinstatement violates public policy presents a question of law. See *Akron Metro. Hous. Auth. v. Local 2517, Am. Fedn. of State, Cty., & Mun. Emp., AFL-CIO*, 161 Ohio App.3d 594, 2005-Ohio-2965, 831 N.E.2d 493, at ¶7. See, e.g. *SORTA* at 112. Thus, we review the trial court's judgment vacating the arbitration award on that basis under a de novo standard. *Akron* at ¶7; See, also, *Jackson Cty., Ohio Sheriff v. The Fraternal Order of Police Ohio Labor Council, Inc.*, Jackson App. No. 02CA15, 2004-Ohio-3535, at ¶19 (noting that "appellate review [of an arbitration award] focuses upon the order issued by the trial court"). Accordingly, we must examine the "laws and legal precedents" in order to determine if there is any public policy that would render the award reinstating Rist unenforceable. *SORTA* at 112.

### B. Record of Arbitration Proceedings

{¶17} Initially, we must address Rist's argument that the trial court could not vacate the arbitration award on public policy grounds without a complete record of the arbitration proceedings before it. She complains that the trial court lacked a transcript of

testimony from the arbitration hearing and did not have all of the exhibits presented at the hearing.  If portions of the record that are necessary for resolution of a claimed error are omitted, a reviewing court has nothing to pass upon, and as to the claimed error the court must presume the regularity of the arbitration proceedings and resulting award. See *Smythe, Cramer Co. v. Breckenridge Real Estate Marketing Group, Inc.* (Feb. 9, 2000), Medina App. No. 2870-M, 2000 WL 150773, at *1, fn. 2.  See, e.g., *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (per curiam).

{¶18}  However, the omitted portions of the record in this case are not necessary for resolution of Rist's assigned errors.  The primary issue in this appeal is whether Rist's reinstatement violated a dominant, well-defined public policy.  Resolution of this issue presents a purely legal inquiry; therefore, the hearing transcript and exhibits are not required to resolve it.  See *In re Self*, Stark App. No. 2004CA00199, 2004-Ohio-6822, at ¶6.  Thus, we reject this argument.

## C.  Public Policy Analysis

{¶19}  Although Rist attempts to frame her assignments of error in different ways, the crux of her argument on appeal is that the trial court erred when it vacated the arbitration award because her reinstatement did not violate public policy.  Rist admitted that she falsified the ticket given to Sparks.  And although the arbitrator did not specifically mention it in his findings of fact, the limited record from the arbitration proceedings shows that Rist pleaded guilty to first-degree misdemeanor falsification, in violation of R.C. 2921.13(A).  Nonetheless, Rist argues that "much ado is made about nothing" by the City because she "did not profit personally or financially from her poor exercise in judgment; the citation she issued was for a registration infraction, not a

moving violation or a criminal offense; and the citation ultimately was dismissed and no harm resulted to Jamie Sparks."

**{¶20}** The City argues that a dominant, well-defined public policy prohibits the reinstatement of a police officer who falsifies a report. We agree. The police force of a municipal corporation is obligated to "preserve the peace, protect persons and property, *and obey and enforce * * * all criminal laws of the state* and the United States * * *." R.C. 737.11 (Emphasis added). Moreover, honesty is vital to the effective performance of these duties and to ensuring public trust and confidence in the police force. See *Brink v. Wadsworth* (Dec. 14, 1988), Medina App. No. 1728, 1988 WL 134279, at *2; *Cincinnati v. Queen City Lodge No. 69, Fraternal Order of Police*, Hamilton App. No. C-040454, 2005-Ohio-1560, at ¶¶21-22. According to the Supreme Court of Ohio:

> [I]t is settled public policy * * * that police officers are held to a higher standard of conduct than the general public. * * * Law enforcement officials carry upon their shoulders the cloak of authority of the state. For them to command the respect of the public, it is necessary then for these officers even when off duty to comport themselves in a manner that brings credit, not disrespect, upon their department.

*Jones v. Franklin Cty. Sheriff* (1990), 52 Ohio St.3d 40, 43, 555 N.E.2d 940 (internal citations omitted).

**{¶21}** Based on this statute and these legal authorities, we conclude that Ohio has a dominant, well-defined public policy against the reinstatement of an officer who falsifies a police report. And in this case, it is undisputed that Rist committed such an act. Rist violated the law and comported herself in a manner that could not bring anything but disrepute upon the department. Contrary to Rist's assertions, the fact that she did not gain anything from her dishonesty in this case does not make her conduct any less egregious. Given Rist's willingness to lie and break the law for an apparent

stranger and without profit, how can the public expect her to react if presented with an opportunity to use her position for financial gain or to benefit friends or relatives?  Rist's continued employment as a sergeant with the IPD can only serve to erode public trust and confidence in the department.  And because of her vulnerability to impeachment, the department would face a serious problem if it had to rely upon Rist's testimony in legal proceedings.

{¶22}  Accordingly, we find that the trial court did not err when it found that Rist's reinstatement violated public policy, vacated the arbitration award, and denied Rist's application for confirmation of that award.  See, e.g., *Jones*, supra, at 43 (Supreme Court of Ohio held that State Personnel Board of Review improperly reinstated deputy sheriff who engaged in off-duty vigilante activity that "could not bring anything but disrepute upon the sheriff's department.").  We overrule her assignments of error and affirm the trial court's judgment.[3]

JUDGMENT AFFIRMED.

---

[3] We note that in her brief, Rist accuses the City of "imped[ing] and den[ying] every procedural safeguard, contractural [sic] right and constitutional guarantee * * *."  She specifically complains that the City prevented her from confronting her accusers during the arbitration.  However, Rist did not assign these issues as error so we need not address them.  Moreover, we fail to see the relevance of these claims to Rist's argument on appeal given the fact that she seeks confirmation of the arbitration award.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge